WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Seth Printz,<br>Plaintiff,<br>v.<br>City of Tolleson, et al.,<br>Defendants. | No. CV-26-01222-PHX-SHD<br>**ORDER** |

On July 31, 2026, Plaintiff Seth Printz, who is proceeding *pro* se, was granted leave to amend his Complaint by August 14, 2026. (Doc. 26.) On that date, the Court also ordered Printz to show cause why Defendant Yanika Portillo should not be dismissed for lack of prosecution. (Doc. 27.) Printz did not file an amended complaint, nor did he respond to the Court's show cause order. On August 28, 2026, the Court ordered that by September 11, 2026, Printz either amend his Complaint or respond to Defendants City of Tolleson's and Cullimore & Coleman, PLC's, ("Cullimore"), pending Motions to Dismiss (Docs. 20 and 22) and that he respond to the order to show cause regarding Portillo. (Doc. 31.) Printz was cautioned that a failure to comply with the order may result in the motions being granted as unopposed, and Portillo dismissed for lack of prosecution. (*Id.*) On September 8, 2026, Defendant Parc Lofts Apartments/Par Lofts SPE LLC, ("Parc Lofts"), filed a Motion to Dismiss, (Doc. 32). Printz has not responded to the Court's August 28, 2026 Order nor Pac Lofts' Motion.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co*., 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

However, dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423.

Because dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances," *Henderson*, 779 F.2d at 1423, the Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors dismissal. Printz filed the Complaint on February 20, 2026, (Doc. 1). His failure to prosecute and respond to Defendants' motions and the Court's orders has needlessly extended the length of the proceedings.

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Printz's failure to prosecute his case has required the Court to expend its judicial resources by reviewing the docket, resetting deadlines, and drafting additional

Orders.

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, neither favors nor disfavors dismissal. Because the Court has raised this issue sua sponte, neither party has weighed in on whether the defendants have suffered prejudice, and the Court has no reason to believe any prejudice exists. The Court notes however that "[u]nreasonable delay [by the Plaintiff] creates a presumption of injury to the defense." *Id.*

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, neither favors nor disfavors dismissal. If the Court were to dismiss Printz's claims with prejudice, then public policy would be offended because he would be precluded from prosecuting his claims at a later date if he so desired. If the Court were to dismiss Printz's claims without prejudice, however, then the adjudication would not be on the merits and public policy would not disfavor dismissal.

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal. Here, Printz has been warned three times that he must comply with Court orders. In the Court's April 13, 2026 Preliminary Order, Printz was explicitly warned that "failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court." (Doc. 7 at 6-7.) Printz was cautioned in the Court's July 31, 2026 Order to Show Cause that failure to comply would result in dismissal of Defendant Portillo without prejudice pursuant to Fed. R. Civ. P. 41(b). (Doc. 27.) Further, on August 28, 2026, Printz was advised that failure to comply may result in the pending motions being granted as unopposed. (Doc. 31.) The Court finds that a less drastic sanction, such as an additional warning, is unlikely to have any effect. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

In sum, *Henderson* factors one, two, and five favor dismissal and factors three and four do not disfavor dismissal without prejudice. Thus, in the aggregate, the *Henderson*

factors weigh in favor of a dismissal without prejudice for failure to prosecute. *See Henderson*, 779 F.2d at 1425 ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative.").

Accordingly,

**IT IS ORDERED** that Printz's case is dismissed, without prejudice, for failure to prosecute. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Docs. 20, 22, and 32), are denied as moot.

Dated this 30th day of September, 2026.

Honorable Sharad H. Desai
United States District Judge